IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY D. FORTER *et al.*, | Case No. 6:21-cv-00478-SB |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| KATE BROWN; COLETTE S. PETERS, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Jeffrey Forter ("Forter"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), filed this civil rights action under 42 U.S.C. § 1983 ("Section 1983") against Governor Kate Brown ("Governor Brown") and ODOC Director Colette Peters (together, "Defendants"). Forter asserts claims on behalf of himself and forty-seven other adults in custody ("AIC") (together, "Plaintiffs"). This matter comes before the Court on Defendants' motion to stay this litigation. For the reasons that follow, the Court grants Defendants' motion to stay.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Plaintiffs are AICs of ODOC and are currently housed at Shutter Creek Correctional Institution ("SCCI").[1] On March 1, 2021, Plaintiffs filed this action against Defendants in the Coos County Circuit Court, alleging that Defendants failed to protect them from COVID-19 and that ODOC's failure adequately to respond to COVID-19 violates their rights under the Eighth and Fourteenth Amendments of the United States Constitution, and Article 1, Sections 13 and 16 of the Oregon Constitution. (Compl. at 2-6, ECF No. 1.) On March 30, 2021, Defendants filed a Notice of Removal in this Court, asserting that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). (Notice of Removal, ECF No. 1.)

Eleven months earlier, on April 6, 2020, seven AICs (the "*Maney* Plaintiffs") housed at four ODOC institutions filed a civil rights action under Section 1983 against Governor Brown and several ODOC officials (together, the "*Maney* Defendants"). (Defs.' Mot. to Stay at 3, ECF No. 3; *Maney et al. v. Brown et al.*, 6:20-cv-00570-SB ("*Maney*"), ECF No. 1.) The *Maney* Plaintiffs allege that the *Maney* Defendants acted with deliberate indifference to their health and safety by failing adequately to protect them from COVID-19 through social distancing, testing, sanitizing, medical treatment, masking, and vaccines. (*See Maney* TAC, ECF No. 160.) The *Maney* Plaintiffs assert allegations on behalf of a class of similarly situated AICs, and propose three classes: (1) the "Injunctive Relief Class"; (2) the "Damages Class"; and (3) the "Vaccine Class." (*Maney* TAC ¶¶ 20-21.)

On January 21, 2021, the *Maney* Plaintiffs moved for a preliminary injunction requiring ODOC to offer all AICs housed in ODOC facilities a COVID-19 vaccine, and sought provisional

---

[1] As of April 19, 2021, at least four plaintiffs have been released from ODOC custody, and one plaintiff has been transferred to a different ODOC facility.

PAGE 2 – OPINION AND ORDER

class certification of the Vaccine Class, which includes: "All adults in custody housed at Oregon Department of Corrections facilities (ODOC) who have not been offered COVID-19 vaccinations." (*Maney* Pls.' Mot. Prelim. Inj., ECF No. 156; *Maney* Pls.' Mot. to Certify Class at 2, ECF No. 154.) On February 2, 2021, this Court granted the *Maney* Plaintiffs' motion for provisional class certification of the Vaccine Class and motion for a preliminary injunction. (*Maney* Op. & Order at 34, ECF No. 178.)

On April 6, 2021, Defendants filed a motion to stay this matter pending resolution of the motion for class certification in *Maney*. (Defs.' Mot. to Stay at 1.) The *Maney* Plaintiffs' motion for class certification is currently due on May 3, 2021. (ECF No. 199.)

## DISCUSSION

**I.     APPLICABLE LAW**

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936), and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *Patton*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

II.     ANALYSIS

The Court finds that on balance, the relevant factors weigh in favor of staying this action pending resolution of class certification in *Maney*.

First, there is substantial overlap between the parties and legal issues to resolve in the *Maney* case and this case, as both actions allege that ODOC officials violated AICs' federal constitutional rights by failing adequately to protect them from COVID-19. (*Maney* TAC ¶ 156; Compl. at 5-6.) A stay will conserve judicial resources by avoiding duplicative litigation.

Furthermore, it appears that at least some of the plaintiffs here may be members of at least the Injunctive Relief Class composed of AICs who are at high risk of death or severe illness from COVID-19, based on Plaintiffs' allegations that Defendants did not fairly consider the early release of medically vulnerable AICs. (*See* Compl. ¶ 14.)

A stay in this case will not result in significant delay, as the motion for class certification in *Maney* is currently due on May 3, 2021. (ECF No. 199.) If the Court grants the *Maney* Plaintiffs' motion for class certification, Plaintiffs may have the option to proceed as members of the applicable *Maney* classes, or they may opt out and litigate their cases separately. *See McDaniels v. Stewart*, No. 15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (granting stay pending class certification and noting that "Plaintiff may elect to be a member of the class if it is certified, or opt-out and proceed with his own case"). On the other hand, if the Court denies class certification, Plaintiffs face only a brief delay in this matter.

For these reasons, the Court concludes that staying this litigation will conserve judicial resources by avoiding duplicative litigation, and a stay will not unduly prejudice Plaintiffs. *See McDaniels*, 2017 WL 132454, at *2 (granting stay because "staying this action pending resolution of class certification . . . promotes judicial economy and does not prejudice Defendants"); *see also Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *11

PAGE 4 – OPINION AND ORDER

(N.D. Cal. May 19, 2020) (staying habeas petition pending adjudication in separate class action because "[t]he potential relief available to [the petitioner]—immediate release due to the COVID-19 pandemic, the conditions of confinement at the Yuba County [Jail], and his medical vulnerabilities—is the same substantive relief sought in this action and is based on the same underlying facts" and therefore "a stay pending adjudication of [the class action] is warranted"); *Duong v. Jennings*, No. 20-cv-02864-RMI, 2020 WL 2524252, at *2 (N.D. Cal. May 18, 2020) (same); *Calderon v. Barr*, No. 2:20-cv-00891 KJM GGH, 2020 WL 2394287, at *4-5 (E.D. Cal. May 12, 2020) (same).[2]

///

///

///

///

///

///

///

---

[2] Forter also filed a motion for class certification (ECF No. 1), and a motion to quash Defendants' notice of removal (ECF No. 5). Forter attached to the motion to quash an amended complaint asserting only state constitutional claims against Defendants (Mot. to Quash Att. 1). The Court construes Forter's motion to quash as a motion to remand this action to state court. In light of the Court's Order staying this action, the Court will defer ruling on both motions pending resolution of class certification in *Maney*. However, the Court cautions Forter that a self-represented plaintiff may not represent other plaintiffs in litigation. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1966)). In addition, "it is well established that a layperson cannot ordinarily represent the interests of a class." *Hirt v. Jackson Cnty.*, No. 1:19-cv-00887-AC, 2020 WL 3104502, at *2 (D. Or. June 11, 2020) (citing *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966)). "This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding *pro se*." *Id.* (citation omitted).

PAGE 5 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to stay (ECF No. 3), and STAYS this action pending resolution of class certification in the *Maney* case.[3]

**IT IS SO ORDERED.**

DATED this 23rd day of April, 2021.

*/s/ Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[3] "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" *James v. Ariz. Dep't of Corrs.*, No. 18-4545, 2019 WL 7494660, at *2 (D. Ariz. Aug. 14, 2019) (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). Defendants' motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief. Thus, this Court may resolve the motion to stay without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c).