FILED 12 APR '21 12:03 USDC-ORE

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF COOS

| | |
|---|---|
| Jeffrey D. Forter, Tyler Lee, Jessie Sweet, Ivan Meza, Austin Cox, Todd Herriot Jason Peterson, Joshua Lewis, Ryan Fischer-Salt, Kirby Hamilton, Alden Pearsall, James Evans, Jack Caudy, Kyle Kalcich, Loren Riddle, Shawn Baker, Anthony Mooney, Daniel Farnum, Jacob Philips, Glenn Green, John Dane Jeremy Tarozzi; Travis Forni Eric Rice, Charles J. Best William Rodgers, Gabriel Rivera Nathaniel Leach, Matthew Pickett Patrick Hummel, Jeffrey Haines Christopher Osborn, Steven McNeely Jesse Rigel, Adam Tardie Rene Corona, Jacob Rose Joseph Gustin, Christopher Chenea Kylen Wood, Jordon Dean Eric Heilman, Alan Dole Clayton Salikie, Brian Donaldson Marcus Lewallen, Jermaine Henderson, Seth Kamel, Ben Wize, Zeke Young<br><br>Plaintiffs<br><br>v.<br><br>**GOVERNOR KATE BROWN, & OREGON DEPARTMENT OF CORRECTIONS DIRECTOR COLLETTE S. PETERS**<br>Defendants | Case No. _____<br><br>Amended<br>STATE COMPLAINT<br>FOR<br>DECLARATORY RELIEF<br>Not subject to mandatory arbitration<br>Filing Fee: $281.00<br><br>PURSUANT TO ORS 21.135 (2) (F)<br><br>$200 MILLION DOLLARS<br>+ |

COMES NOW Jeffrey David Forter in this matter *pro se*, with 47 other plaintiffs and based on available information and belief alleges as follows: Plaintiffs are inmates housed in The Shutter Creek Correctional Institution, in the custody of the Oregon

Department Of Corrections, of which the listed defendant is the Director. All plaintiffs allege that the defendant and her agent's continued actions of housing of plaintiffs in close quarters of Dormitory settings that leave less than 4 feet of distance between sleeping areas as well as personal space, during a *deadly airborne virus Pandemic* (COVID-19), that has **killed 20 prisoners** over the last 6 months, violates their rights under Article 1 § 13 and Article 1 § 16 of the Oregon Constitution.

1.

### PARTIES

(a) **Plaintiffs:** All Plaintiffs are current or former prisoners of the Oregon Department of Corrections, housed at the Shutter Creek Correctional Institution, and are Citizens of the State Of Oregon. **95200 Shutters Landing Lane, North Bend, Oregon. 97459.**

(b) **Defendants:** (1.) Defendant *Kate Brown* is the Governor of the state of Oregon, 900 Court Street, NE Salem, Oregon 97301-4047

(2.) Defendant *Colette S. Peters* is the Director of the Oregon Department Of Corrections, 2575 Center Street, NE Salem Oregon 97301.

2.

### VENUE AND JURISDICTION

This Court has jurisdiction over the matter and is the proper venue for the action. For state constitutional claims, ~~[redacted]~~ to the court.

3.

### STATEMENT OF FACTS

**Plaintiffs assert that they are detained in a prison *dormitory* setting in which the defendant's negligence has resulted in the following facts that give rise to the claims:**

1. In the state of Oregon 3'717 prisoners have tested positive for the COVID-19 virus and 42 have died from the virus.
2. Nationwide 275'000 prisoners have tested positive for COVID-19, and 1'700 have died.
3. The rate of infection for prisoners is 1 in 5, which *is four times the rate of the general public*.
4. There is less than the 6 feet of distance between people required by CDC and Governor Brown's requirements for "social distancing" in their sleeping bunks and personal areas, making social distancing impossible.
5. They are not provided adequate ventilation.
6. They are not provided adequate personal protection equipment for such an enclosed environment.
7. Defendant has continued to authorize the transport of prisoners from other prisons, into SCCI. Creating an unnecessary vector for this deadly airborne virus. And one such recent transport (DECEMBER 2020) from the Oregon State Penitentiary brought inmates who subsequently tested positive for COVID-19. These continued transports resulted in a combined 25 Positive Covid-19 infections of inmates at the SCCI facility, since the beginning of this pandemic. Many of the Plaintiffs in this Action were exposed to COVID-19 as a result.

8. Staff, who work at SCCI are NOT subjected to adequate medical checks, before being allowed to enter the prison grounds, in that many people are "asymptomatic" and carry the virus while experiencing no adverse or obvious symptoms, but are carriers or potential carriers of the deadly virus.

9. Security Staff (Guards and Administrators) are not required to take routine COVID-19 tests before being allowed to enter prison grounds.

10. There is not adequate Medical staff or equipment, to treat patients who may become infected at this facility (SCCI) as there is not even a doctor working on site daily.

11. Defendant's agents at SCCI have decided to *reduce* available outdoor time in response to the pandemic, allowing only 4 hours outside, whereas before the pandemic, prisoners had approximately 9 hours per day of outdoor time. Forcing plaintiffs to be in more close proximity than necessary indoors.

12. All Staff do not wear the approved facemasks and those that do, often remove their masks for long periods of time.

13. The above stated facts can be proven as the entire facility is on recorded video surveillance 24 hours a day.

14. Governor Kate Brown, by Executive Order implemented a system in conjunction with the Oregon Dept. Of Corrections Director (Collette S. Peters) to identify inmates who were medically vulnerable to COVID-19 and thus at a higher risk of illness and death if they remained in custody during this pandemic. These inmates who were declared "Medically Vulnerable" by Health Officials would then be eligible for consideration for early release by Executive Clemency. But rather

than simply consider inmates who were designated as Medically Vulnerable by Health Officials the Governor, Kate Brown and ODOC Director Collette S. Peters added various restrictions barring considerations for early release, in an arbitrary and capricious manner, in that these additional considerations had nothing at all to do with the health hazard or risk to the individual inmate, creating instances where two prisoners may have exactly the same medical conditions or risks and length of sentence remaining, and one of them will be considered for early release, while the other will be barred based solely upon the type of crime for which he or she was convicted. In short prisoners who are similarly situated are not being treated equally, and what is at stake is their good health and life.

15. COVID-19 does not just kill people by respiratory failure, studies of the virus have shown that it also attacks and damages the body's internal organs and will have a lasting negative impact upon the health of those who have been infected and that the damage is not reversible, but is permanent.

4.

### FIRST CAUSE OF ACTION

Plaintiffs allege that the facts laid out in section 3, taken individually and cumulatively, during a ***deadly airborne virus pandemic*** place them in an unnecessary, high risk of serious sickness and death, which constitutes an ***Unnecessary Rigor*** in violation of

Article 1 § 13 of the Oregon Constitution.

5.

### SECOND CAUSE OF ACTION

Plaintiffs allege that the facts laid out in section 3, taken individually and cumulatively, during a *deadly airborne virus pandemic* place them in living arrangements that constitute an unusual and cruel risk of serious sickness and death, which constitutes an unconstitutional increase to the *Proportionality* of the punishment given for the original offense. This violates Article 1 § 16 of the Oregon Constitution.

6.

## THIRD CAUSE OF ACTION

Plaintiffs allege that the facts laid out in section 3, taken individually and cumulatively, during a *deadly airborne virus pandemic* place them in living arrangements that constitute an unusual and cruel risk of serious sickness and death, which constitutes *Cruel And Unusual Punishment* in violation of Article 1 § 16 of the Oregon Constitution .

7.




9.

## PRAYER

WHEREFORE, the Plaintiff having stated his case above prays for judgment that:

Declares that housing inmates in such conditions violates Article 1 § 13.

Declares that housing inmates in such conditions violates Article 1 § 16

That the court declares Governor Brown's executive order barring applications for COVID-19 Clemency, for certain types of crimes, violates Equal Protection under Article 1 section 20 of the Oregon Constitution.

That the court award compensatory damages in the amount of $30'000.00 to each plaintiff.

That the court award General damages in the amount of $20'000.00 to each Plaintiff.

That the Court award Punitive damages in the amount of $25'000.00 to each Plaintiff.

That the Court Award the Class damages in the amount of the remainder of the balance up to $200,000,000.00 to be held in an account to be used for any current and future Medical expenses of plaintiffs.

FOR ANY OTHER RELIEF the Court finds just and reasonable.

DATED this 27th day of March 2021.

**Respectfully Submitted,**

**AT:**
Shutter Creek Correctional Institution--95200 Shutters Landing Lane
North Bend, OR 97459   Tele: (541) 751-2240 **Ms. Schmidt**